UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CRAIG J. MARKIEWICZ, JR.** ) | |
| ) | **Case No.: 1:17-cv-05353** |
| **Plaintiff,** ) | |
| ) | |
| **-v-** ) | |
| ) | |
| **FINANCIAL RECOVERY SERVICES, INC.** ) | **COMPLAINT** |
| ) | **JURY DEMAND ENDORSED HEREON** |
| **Defendant.** ) | |

Plaintiff, Craig J. Markiewicz, Jr., for his complaint against Financial Recovery Services, Inc., states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Bankruptcy Stay Injunction, 11 U.S.C. § 362 *et seq.* ("Automatic Stay"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), stemming from Defendant's unlawful post-bankruptcy collection practices as more fully described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff, Craig J. Markiewicz, Jr. ("Mr. Markiewicz"), is a natural adult person residing in Elk Grove Village, Illinois, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and ICFA.

5. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation in the business of collecting consumer debts on behalf of others in the State of Illinois and throughout the United States. As such, FRS regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. FRS identifies itself as a "comprehensive custom collection and receivables management solutions to mid-large sized organizations that already possess some type of collection or receivables management" and has been a member of the Association of Credit and Collection Professionals since 1988.[1]

7. On its website, FRS identifies itself as a "debt collector."

8. FRS is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. FRS is a "person" as that term is defined and/or used within the ICFA.

10. At all times relevant to this action, FRS acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers.

---

[1] *See* http://www.fin-rec.com and http://www.acainternational.org/memberdirectory.

## **FACTS SUPPORTING CAUSES OF ACTION**

11. In or around July 2003, Mr. Markiewicz incurred a debt with Dell Financial Services ("Dell") in order to finance a personal computer (hereinafter referred to as the "subject debt").

12. On February 21, 2017, Mr. Markiewicz filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois. The case was listed on the docket as case number 17-04965 ("the Bankruptcy Case"). A copy of the docket from the Bankruptcy Case is attached to this complaint as Exhibit A.

13. Dell asserted a pre-petition claim against Mr. Markiewicz in an attempt to collect the subject debt. The Dell claim was listed in "Schedule F" of Mr. Markiewicz's bankruptcy petition as an unsecured claim.

14. Dell received notice of the Bankruptcy Case on or around February 24, 2017. *See Notice of Chapter 7 Bankruptcy Case* ("BK Notice"), a copy of which is attached to this complaint as Exhibit B, at page 3 of 3.

15. The BK Notice was mailed out to all creditors and other parties listed on the mailing matrix previously filed in the Bankruptcy Case, including Dell. Included in the BK Notice was an explanation of the general injunction prohibiting Dell and others holding pre-petition claims from attempting to collect on those claims from Mr. Markiewicz. The BK Notice warned all creditors to cease collection activity, stating that "creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees." *See* Exhibit B at page 1 of 3.

16. Upon information and belief, Dell sold, assigned and/or transferred the subject debt to FRS after receiving the BK Notice.

17. The BK Notice suspended any rights that Dell, and any purported assignee of Dell, including FRS, had against Mr. Markiewicz with respect to the subject debt.

18. At no time has Dell or FRS appeared in the Bankruptcy Case. *See* Exhibit A.

19. At no time has Dell or FRS objected to or disputed the details of the subject claim included in the February 21, 2017 schedules filed in the Bankruptcy Case. *Id.*

20. At no time has Mr. Markiewicz reaffirmed the subject debt with Dell or FRS. *Id.*

21. At no time has any pre-petition claim belonging to Dell or FRS been declared to be non-dischargeable in bankruptcy. *Id.*

22. On March 21, 2017, Mr. Markiewicz received a phone call from FRS, with the caller, "Christine Hammond," identifying herself as a debt collector and stating that the call was an attempt to collect a debt owed to Dell.

23. Confused and concerned about the status of the subject debt after receiving the call from FRS, Mr. Markiewicz reached out to his attorneys for clarification regarding his rights.

## DAMAGES

24. The conduct of FRS has been the producing and proximate cause of past, present and future mental distress stemming from the invasion of Mr. Markiewicz's privacy and other damages that will be presented to the jury.

25. Mr. Markiewicz has been misled regarding the status of the subject debt by FRS.

26. Mr. Markiewicz justifiably fears that, absent this Court's intervention, FRS will continue to attempt to collect payment from him on the subject debt despite no longer being entitled to collect it from him.

27. Mr. Markiewicz justifiably fears that, absent this Court's intervention, FRS will ultimately cause unwarranted harm to his credit or otherwise harm him economically.

28. As a result of FRS's conduct, Mr. Markiewicz has ultimately come to question the validity of the Bankruptcy Case and the protections it has afforded him.

29. As a result of FRS's conduct, Mr. Markiewicz was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

30. As a result of FRS's conduct, Mr. Markiewicz is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter FRS and other debt collectors from engaging in the unlawful post-bankruptcy collection practices as described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. All prior paragraphs are incorporated into this count by reference.

32. The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

33. Defendant violated 15 U.S.C. §§ 1692d, e, e(2)(A), e(10), f and f(1) through its post-bankruptcy debt collection activities as outlined in this complaint. By virtue of the Automatic Stay, Plaintiff was subsequently protected from any direct or indirect collection acts whatsoever

at the hands of Defendant. Defendant violated the protections afforded by the Automatic Stay by placing a call to Plaintiff in an attempt to collect the subject debt.

34. As an experienced debt collection agency, Defendant knows that it must cease all collection activity on debtors that are protected by the Automatic Stay, whether such collection activity is direct or indirect. Additionally, Defendant knows that it has an affirmative duty to ensure the debt it is seeking to collect is not subject to bankruptcy. Even a cursory investigation by Defendant would reveal that Plaintiff filed the Bankruptcy Case.

35. As set forth in paragraphs 24 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## COUNT II
## VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY (CONTEMPT)

36. All prior paragraphs are incorporated into this count by reference.

37. The Automatic Stay "operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the cause of this title." 11 U.S.C. § 362(a)(6).

38. Defendant violated 11 U.S.C. § 362(a)(6) by placing a call to Plaintiff in an attempt to collect the subject debt.

39. As an experienced debt collection agency, Defendant knows that it must cease all collection activity on debtors that are protected by the Automatic Stay, whether such collection activity is direct or indirect. Additionally, Defendant knows that it has an affirmative duty to ensure the debt it is seeking to collect is not subject to bankruptcy. Even a cursory investigation by Defendant would reveal that Plaintiff filed the Bankruptcy Case.

40. The Automatic Stay further provides: "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual

damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

41. As set forth in paragraphs 24 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

42. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages, in such an amount to be proved at trial, pursuant to 11 U.S.C. § 362(k)(1).

## COUNT III
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. All prior paragraphs are incorporated into this count by reference.

44. Defendant's dunning of Plaintiff in connection with the subject debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

45. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.
> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

46. Defendant engaged in unfair and deceptive acts or practices in violation of 815 ILCS 505/2 by, *inter alia*, placing a call to Plaintiff in an attempt to collect the subject debt with knowledge that the subject debt was included in the Bankruptcy Case.

47. Defendant intended that Plaintiff rely on its misrepresentations regarding the status of the subject debt in order to procure payment of the subject debt.

48. The ICFA was designed to protect consumers, such as Plaintiff, from the exact conduct exhibited by Defendant in this case.

49. As set forth in paragraphs 24 through 30 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

50. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

51. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Craig J. Markiewicz, Jr., respectfully requests that this Court enter judgment in his favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act, the Bankruptcy Automatic Stay and Illinois Consumer Fraud and Deceptive Business Practices Act;

B. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. §1692k, 11 U.S.C. § 362(k)(1) and 815 ILCS 505/10a;

C. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. §1692k(a)(2)(A);

D. Awarding Plaintiff punitive damages, in such amounts as determined by the jury, as provided under 11 U.S.C. § 362(k)(1) and 815 ILCS 505/10a; and

    E.    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. §1692k(a)(3), 11 U.S.C. § 362(k)(1) and 815 ILCS 505/10a; and

    F.    Such other and further relief as may be just and proper.

Dated: July 20, 2017                      Respectfully Submitted,

                                          */s/ Geoff B. McCarrell*
                                          Geoff B. McCarrell, Esq. #0086427
                                          David S. Klain, Esq. #66305
                                          Admitted in the Northern District of Illinois
                                          CONSUMER LAW PARTNERS, LLC
                                          435 N. Michigan Ave., Suite 1609
                                          Chicago, Illinois 60611
                                          Direct: (267) 422-1000 x 8001
                                          Fax: (267) 422-2000
                                          geoff.m@consumerlawpartners.com
                                          davidklain@aol.com
                                          *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                          */s/ Geoff B. McCarrell*
                                          Geoff B. McCarrell, Esq. #0086427
                                          CONSUMER LAW PARTNERS, LLC